**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUADALUPE GONZALEZ, | No.   17-35091 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02126-SI |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 16, 2018
Portland, Oregon

Before:  TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Guadalupe Gonzalez appeals the district court's denial of his petition for

writ of habeas corpus under 28 U.S.C. § 2254.  Because the parties are familiar

with the facts, we do not recite them here.  We have jurisdiction pursuant to 28

U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's denial of a habeas petition, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

factual findings are reviewed for clear error. *See Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012). Because Gonzalez filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. Under AEDPA, federal habeas relief may not be granted with respect to a judgment of a state court unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). "[A] state court decision is not unreasonable if 'fairminded jurists could disagree on its correctness.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (internal alteration omitted) (quoting *Richter*, 562 U.S. at 101)).

Gonzalez argues that his trial counsel was ineffective by failing to object to the sentencing judge's consideration of an alleged expert's opinions on child molesters that were not in the record. To prevail on his claim, Gonzalez must show that counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

2

Even assuming that counsel's performance was deficient, Gonzalez has failed to show that there is a "reasonable probability" that but for the sentencing judge's consideration of the alleged expert's opinions, the outcome of the proceeding would have been different. *Id.* The record does not indicate that the sentencing judge relied on the alleged expert's opinions as the basis for the sentence. Rather, the sentencing judge relied on the frequency of Gonzalez's sexual assault of his granddaughter and the fact that Gonzalez sexually assaulted several other female minors within his family. The sentencing judge also acknowledged that, although he was inclined to impose the maximum sentence of 225 months, he would instead adopt the prosecutor's recommendation of 150 months. Under our "doubly deferential" review, *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), the sentencing judge's determination that Gonzalez failed to establish prejudice was not an unreasonable application of *Strickland*. The district court properly denied Gonzalez's petition for writ of habeas corpus.

**AFFIRMED**.